(No. 16596.—Judgment affirmed.)
ELEANOR PUNTENNEY, Defendant in Error, *vs.* WILDEMAN
& Co. *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. SECURITIES—*what is sufficient tender back of stock sold in violation of Securities act.* In an action to recover back the price of stock sold to the plaintiff in violation of the Securities act, it is sufficient if the plaintiff tender back stock exchanged for stock originally purchased by him, as the Securities act is intended to cover all fraudulent stock transactions, and the fact that the original stock cannot be tendered back cannot be relied upon to defeat the purpose of the law.

2. SAME—*when party may testify as to contents of letters.* In an action to recover the price of stock sold in violation of the Securities act, the plaintiff may testify as to the contents of letters received by her from the defendants where the evidence shows that the letters had been destroyed and no attempt is made to introduce carbon copies.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding.

WILLIAM R. BRAND, for plaintiffs in error.

JOSEPH H. HINSHAW, and NOAH GULLETT, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error brought an action against plaintiffs in error to recover the sum of $975 paid to them for the purchase of certain shares of capital stock of the Harvey Crude Oil Company. At the time of the purchase the stock was what is known under the Securities law as "Class D" securities, that company not having complied with the Securities law by filing in the office of the Secretary of

State the statement or inventory required. The declaration charges that on December 5, 1919, plaintiffs in error, acting as agents and brokers of the Harvey Crude Oil Company, sold the stock to the defendant in error. It is also charged that on August 5, 1921, plaintiffs in error, acting as agents or brokers for the Harvey Oil Company, sold defendant in error 1300 shares of stock of that company, and that the latter company had not complied with the requirements of the Securities law; that in payment for the 1300 shares defendant in error turned in the shares of stock of the Harvey Crude Oil Company purchased by her on December 5, 1919. The declaration alleges that plaintiff tendered to the defendants the 1300 shares of the Harvey Oil Company stock and is entitled to the return of the sum of $975 and the further sum of $325 attorney's fees. Upon the trial a jury was waived and a hearing was had before the court. Judgment for plaintiff in the sum of $1225— $975 in payment for the stock and $250 attorney's fees— was entered. The Appellate Court affirmed the judgment. The cause comes here on writ of *certiorari.*

It is contended that the evidence does not show that plaintiffs in error were the agents of the Harvey Oil Company or the Harvey Crude Oil Company, and that therefore section 37 of the Securities law (Laws of 1919, p. 364,) does not apply. That section is as follows: "Every sale and contract of sale made in violation of any of the provisions of this act shall be void and the seller of the securities so sold and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount."

The Appellate Court found that the evidence established that plaintiffs in error bought the stock and sold it to de-

fendant in error and had it put in her name; that the check in payment for such stock was made to plaintiff in error Wildeman and was put to the account of Wildeman & Co., and that plaintiffs in error were acting not as the agents of the purchaser but as the sellers of the stock of these oil companies, of which Wildeman was president and manager, and that defendant in error tendered back the stock. These were questions of fact and are not open to review here.

It is, however, contended that because there was no tender back of the original stock the tender was not sufficient. The record shows that the original stock was at the request of Wildeman exchanged for stock of the Harvey Oil Company, and it is evident that the law requiring tender back of the stock was complied with. The Securities law was passed to protect innocent purchasers from promoters of wild-cat schemes designed to fleece the unwary. If such a promoter could induce his victim to surrender to him the original stock for stock in another blue-sky venture and then take refuge behind the fact that the original stock, which had already been surrendered to him, could not, on suit, be tendered back, the primary purpose of the law would be thwarted.

Plaintiffs in error also complain that there was no evidence warranting the allowance of $250 attorney's fees. This allowance was made on hearing of evidence before the court and the record amply sustains the finding.

It is urged that the trial court erred in allowing defendant in error to testify concerning the contents of letters which she said she received from plaintiffs in error. The evidence showed that these letters had become destroyed and a sufficient ground was thereby laid. There was no attempt to introduce carbon copies of such letters in dispute. It was not error to permit her to so testify.

The Securities law is intended to cover fraudulent stock transactions and the sales of stock of corporations whose principal asset lies in the fluency of speech of their rep-

resentatives. The situation in this case is one which the Securities law was intended to cover. ·*Stewart* v. *Brady,* 300 Ill. 425.

There is no error in the record and the judgment will be affirmed.

*Judgment affirmed.*