## Edgar L. Perkins, Plaintiff in Error, v. Vincent P. Dole, Defendant in Error.

### Gen. No. 30,341.

1. CORPORATIONS—*certificates of stock in noncomplying foreign corporation tendered in action to recover purchase price from seller properly received in evidence although received in exchange for those originally purchased.* Under Cahill's St. ch. 32, ¶ 290, conditioning the right of the vendee of securities of a noncomplying corporation to recover the purchase price thereof from the seller upon a tender of the securities purchased, an objection to the reception in evidence of securities tendered in court in an action under that provision, upon the ground that some of them were certificates received in exchange for those originally purchased, was without merit.

2. CORPORATIONS—*liability to vendee of securities of noncomplying corporation of president thereof acting as agent in effecting sale.* In an action against the president of a foreign corporation to recover the purchase price of securities of such corporation sold prior to compliance with the requirements of the Securities Act, a verdict was improperly directed for the defendant, although Laws 1921, p. 364, amending Laws 1919, sec. 37, Callaghan's 1920 St. ¶ 2675(37), by extending the seller's right of action to include the officers of such corporation, did not become effective until after the sale was made, where the evidence was sufficient to show that such president, in consummating the sale, acted as agent for the corporation within the meaning of the Act of 1919 prior to such amendment.

3. CORPORATIONS—*retroactive effect of amendment changing rules of evidence in action by vendee of stock of noncomplying corporation to recover purchase price of securities from selling agent.* Laws 1921, p. 364, amending Laws 1919, sec. 37, Callaghan's 1920 St. ¶ 2675(37), governing the right of action by the vendee against the seller of stock of a noncomplying foreign corporation, by making the certificate of the Secretary of State prima facie evidence of the fact of noncompliance of such corporation with the provisions of the Securities Act, applies to a sale made prior to the effective date of such amendment, being merely a change in the rules of evidence and not affecting the substantive rights of the parties to the transaction.

Error by plaintiff to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed March 16, 1926.

JOSEPH H. HINSHAW, for plaintiff in error; WADSWORTH WATTS, of counsel.

STANSBURY & CLOUD, for defendant in error; WENDELL CARNAHAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Plaintiff, by this writ of error, seeks to reverse a judgment for costs entered against him and in favor of defendant, after a directed verdict, by said superior court on December 19, 1924, in an action of assumpsit, based upon the Illinois "Securities Law" of 1919, and particularly upon section 37 thereof. [Callaghan's 1920 St. ¶ 2675(37).]

Prior to the passage of the amendatory act, in force July 1, 1921, amending certain sections of that law, including section 37, plaintiff, at the earnest solicitation of defendant and one J. H. Hanson, acting as agents of the Indian Petroleum Company (hereinafter called the Company), a corporation organized under the laws of the State of Delaware, purchased from it 45 shares of its preferred stock, at par value, paying

to the Company $4,500 therefor. He sought to recover back said sum, together with reasonable attorney's fees, because, as alleged in his declaration in substance, the stock had not been qualified for sale in Illinois. The stock was purchased in Illinois in November, 1920, and in the spring of 1921, at which times Dole and Hanson were the president and treasurer respectively of the Company and it maintained an office in Chicago. Plaintiff received from the Company three certificates for the 45 shares of preferred stock, signed by Dole as president, and also received four certificates for certain shares of common stock, given as a bonus in consideration of his purchases of the preferred stock.

The suit was commenced on May 15, 1923, against Dole, Hanson and the Company. Dole and Hanson severally pleaded the general issue. Service was had on the Company by delivering a copy of the summons to Dole, as president. The Company filed a plea in abatement, and on the trial of the issues made by the plea, the suit was abated as to it. It appeared on that trial, *inter alia,* that the Company had ceased doing business and had dissolved prior to the commencement of the suit. The propriety of the ruling of the court in abating it as to the Company is not questioned by the present writ of error.

On the trial of the issues as to defendants Dole and Hanson before a jury in December, 1924, plaintiff, in accordance with certain provisions of section 37 of the Act of 1919, tendered in court the seven certificates of stock and demanded the return of the $4,500, which he had paid therefor, and also demanded reasonable attorney's fees. These certificates, evidencing the securities purchased, were offered and received in evidence. Objection was made to their admission on the ground that some of them were not the original certificates, but those which plaintiff had received in exchange for the originals. The objection was with-

out merit. (*Puntenney v. Wildeman & Co.,* 318 Ill. 139, 141.) Plaintiff, in accordance with the provisions of subsection 5 of section 37 of said Act, as amended by the Act of 1921 [Cahill's St., ch. 32, ¶ 290, subd. (5)], then introduced in evidence, over objection, a certificate of the Secretary of State of Illinois, under his hand and seal of State, dated December 4, 1924, wherein that official certified in substance that no statements or documents had ever been filed in his office, by or on behalf of said Indian Petroleum Company, giving the information as specified in the various subsections of section 9 of the Act of 1919 [Callaghan's 1920 St., ¶ 2675(9)], or giving any information regarding said Company as required and specified in any of the sections of said Act of 1919, or the amendatory Act of 1921. Plaintiff also testified in his own behalf. Other witnesses called by him testified and considerable documentary evidence was introduced. Neither defendant introduced any evidence. At the conclusion of the trial the court instructed the jury to find the issues in favor of defendant, Dole, and at the same time instructed them, as to defendant Hanson, to find the issues in plaintiff's favor and to assess plaintiff's damages, as against Hanson, at $5,100, which included attorney's fees. The judgment for costs, in favor of Dole and against plaintiff, followed. It is only this judgment that is questioned by the present writ of error. Plaintiff's counsel here contends that the court erred in instructing the jury to return a verdict in favor of Dole, and that said judgment is contrary to the law and the evidence.

The evidence clearly shows that the Company, a Delaware corporation, was the "issuer" of the stock which it sold to plaintiff and that said sales to plaintiff were made in Illinois. In section 2 of the Act of 1919 (Laws 1919, p. 353) [Callaghan's 1920 St., ¶ 2675(2)] it is provided that the word "issuer" as used in the Act "shall include every person and every

company, trust, partnership or association, incorporated or unincorporated, heretofore or hereafter formed for any lawful purpose and organized under the laws of this State, *or any foreign state* or country, which shall have issued any security sold or offered for sale to any person or persons *in this State.*" And the stocks or securities, which were sold to plaintiff, were clearly of Class "D," as classified in section 3 of said Act, viz.: "Securities based on *prospective* income." (Laws 1919, p. 353.) [Callaghan's St. 1920, ¶ 2675(3).] Plaintiff testified that about the time he made his first purchase of stock Dole told him that the Company had recently been organized, that it "was going to be a wonderful company," that it had a large acreage in Ofuska County, Oklahoma, that he (Dole) had looked over the property, and that if he (plaintiff) did not take stock in the Company to the limit of his capacity he would be making a mistake; and that, in the spring of 1921, after he had made two purchases of stock but before he had made his last purchase, Dole told him that it had become necessary to increase the capitalization of the Company in order to provide more money for development purposes. Other testimony disclosed that at the times of plaintiff's stock purchases the income of the Company was largely, if not entirely, derived from the sale of the Company's stock.

In section 9 of said Act (Laws 1919, p. 356) it is provided: "No security in class 'D' shall be sold or offered for sale until there shall have been filed in the office of the Secretary of State statements and documents as follows": Then is set forth in 16 subsections the documents and statements required to be filed. In section 36 of said Act (Laws 1919, p. 363) [Callaghan's 1920 St., ¶ 2675(36)] it is provided: "It shall be unlawful for any *officer*, director, solicitor, broker *or agent*, to sell or offer for sale any securities in Class 'D,' in any other manner or form than

specifically set forth in the information required to be filed in section 9 of this Act, and any offer or sale upon any other terms or conditions other than set forth, shall be considered prima facie evidence that such *officer,* director, trustee, solicitor *or agent* offered or sold same for the purpose of defrauding the investor to whom such security was offered or sold." No amendments to said sections 9 and 36 were made in the amendatory Act of 1921.

In section 37 of said Act of 1919 [Callaghan's 1920 St., ¶ 2675(37)] it is provided: "Every sale and contract of sale made in violation of any of the provisions of this Act shall be void and the seller of the securities so sold, and each and every solicitor, *agent* or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount." This section was amended by the amendatory act of 1921 by interpolating certain new clauses and by adding four new subsections (Laws 1921, p. 364). The old section 37, as changed, became subsection 1 of the new section 37. The changes were as follows: After the words "shall be void," in the second line, the words "at the election of the purchaser" were added; after the words "and the seller of the securities so sold," and before the words "and each and every solicitor, agent or broker of or for such seller," the words "the *officers* and directors of the seller" were inserted; after the words "shall be jointly and severally liable" were added the words, "in an action at law or in equity." Otherwise old section 37 remained substantially the same. The added subsection 2 of section 37 provides: "In any action, civil or criminal, where the seller or issuer relies for his defense upon any of the exemptions pro-

vided for in this Act, the burden of proof to establish such exemption shall be upon such issuer or seller.'' The added subsection 5 of section 37 provides: ''In any prosecution, action, suit or proceeding before any of the several courts of this State based upon or arising out of or under the provisions of this Act, a certificate under the seal of State, duly signed by the Secretary of State, showing compliance or *non-compliance* with the provisions of the Illinois Securities Law, respecting the securities in question or respecting compliance *or non-compliance* with the provisions of the Act by any issuer, solicitor, agent, broker, dealer or owner, shall constitute *prima facie* evidence of such compliance or of such non-compliance with the provisions of this Act, as the case may be, and shall be admissible in evidence in any action at law or in equity to enforce the provisions of this Act.''

It is evident from a reading of the bill of exceptions in the present record, as to the happenings in the trial court on the motion to direct a verdict in favor of defendant Dole, that the fact that the words ''the *officers* and directors of the seller'' were not contained in section 37 of the Act at the time plaintiff purchased the stock from the Company, had considerable weight with the court in causing him to direct such a verdict —Dole having been the president of the Company at the times of plaintiff's purchases of the stock. But, after considering the evidence and the provisions of the Act, in force at the time of said purchases, we think it clear that the question of Dole's liability to plaintiff was one for the jury to decide under proper instructions, and that the court erred in directing a verdict in Dole's favor. The evidence sufficiently showed that Dole acted as the *agent* of the Company in his successful efforts to induce plaintiff to purchase stock in the Company, and as such *agent*, so acting, he became amenable to the provisions of the Act, in force at the times such purchases were consummated.

The evidence also showed, prima facie, that the Company never complied with the provisions of section 9 of the Act by filing the required documents and statements with the Secretary of State, which filing was necessary before the company could become legally qualified to sell Class "D" securities in Illinois. Not having complied or attempted to comply with the law in this particular, neither the Company nor any one in its behalf had any right to sell, or attempt to sell, any of its securities, which were of that class. (Section 9, Act 1919; *People v. Love,* 310 Ill. 558, 562.)

It is here urged in substance by defendant's counsel that the noncompliance of the Company with the provisions of the Act was not sufficiently shown, as it is only by virtue of subsection 5 of section 37, as amended in 1921 (after plaintiff's purchases of the stock) that the certificate of the Secretary of State can be considered as affording prima facie evidence of such noncompliance. In our opinion, by the passage of subsections 2 and 5 of section 37, in 1921, after plaintiff's purchases had been consummated, none of the pre-existing rights of the parties to the present controversy were affected. (*Merlo v. Johnston City & Big Muddy Coal & Mining Co.,* 258 Ill. 328, 338.) These amendments to the original act of 1919 merely affected the remedy or law of procedure, which is always within the control of the legislature (*Smith v. Bryan,* 34 Ill. 364, 376); and they furnished rules of evidence pertaining to the remedy. "Where an act merely changes the remedy or the law of procedure, 'all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change in the law.'" (*Winslow v. People,* 117 Ill. 152, 158; *Woods v. Soucy,* 166 Ill. 407, 414.) "No party has any vested right in the rules of evidence, which pertain to the remedies provided by the State for its citizens, and a finding by an authority authorized to consider a question of fact

may be made prima facie evidence of the fact.'' (*Continental Beer Pump & Plumbing Co. v. Cooke Co.*, 299 Ill. 104, 110.)

Our conclusion is that the judgment of the superior court, against plaintiff and in favor of defendant, Vincent P. Dole, should be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*

BARNES, P. J., and FITCH, J., concur.