87 N.J. Super. 377 (1965)
209 A.2d 633
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
ALBERT S. DAVIS, JR., MARY ELIZABETH DAVIS, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1965.
Decided April 29, 1965.
Before Judges CONFORD, KILKENNY and LEWIS.
*378 Mr. Edward D. Bowlby argued the cause for appellants (Messrs. Bowlby & Woolson, attorneys).
Mr. John F. Cannon, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendant property owners appeal from an order of the Superior Court, Law Division, appointing condemnation commissioners to appraise a portion of their lands in Bridgewater Township, taken by the State of New Jersey for use by the State Highway Commissioner in the construction of a "frontage" or "access" roadway.
Defendants contend that the roadway, which, admittedly, has already been built by the State, was for a private rather than a public use and, therefore, not subject to the State's power of eminent domain. New Jersey Constitution (1947), Art. I, par. 20. The State does not dispute the basic principle that the right of eminent domain does not extend to the taking of private property for private use. "The Legislature has no right to take the property of one man and give it to another even upon compensation being made." Scudder v. Trenton Delaware Falls Co., 1 N.J. Eq. 694, 726 (Ch. 1832). Was the roadway in question built to serve a private use only, as defendants contend, or to serve a public use, as the State maintains and as the Law Division found? That is the sole issue before us.
In the construction of Interstate Highway 287 the State acquired from defendants for use by the State Highway Commissioner in the construction of this freeway a parcel, designated on the map as R67a. No dispute is made herein as to the propriety of the State's acquisition of that parcel which actually constitutes part of the right of way of Highway 287.
The issue herein relates rather to another portion of defendant's property, about .255 acre of vacant land designated on the map as 2R67b and used by the State, in conjunction *379 with lands acquired from other owners, to build a roadway extending from an existing public highway, known as Garretson Road upon which defendants' property fronts, northerly over the lands of these defendants and continuing northerly over the properties of James Young and a subdivision laid out by Accurate Construction Co. to a point at the boundary line between two tracts of land also owned by Accurate Construction Co. but not yet subdivided. Defendants' parcel is only a relatively small part of this entire access road.
The construction of Highway 287, to which there is no access from the lands adjacent thereto at the point in issue, had caused some of these adjacent lands, which formerly fronted on Routes 202 and 206, to become landlocked. The purpose of the access road in issue was to free those large landlocked areas by giving them some frontage on a public road and furnishing them access over this newly built road to Garretson Road, whence they could proceed to other highways.
An analogous landlocked condition had been created by the State in constructing this freeway with reference to lands lying to the north of Accurate's undeveloped tracts, and to cure that situation the State has built a similar access road, extending southerly from Tolomini Road over the land of Ainsleigh Corporation to the landlocked tract of M & M Corporation, where it terminates. The M & M tract adjoins Accurate's property and both embrace substantial acreage. It is anticipated that in time both new road segments will be extended to a meeting point, thus forming a complete roadway link between Garretson Road on the south and Tolomini Road on the north.
We agree with the trial court's determination that the access road involved herein is for a public use and not merely to serve a private use. Defendants do not need it but will be able to use it, since it will make their remaining property, upon which they have a dwelling and garage, a corner plot. The road will service Young's property as well as Accurate's subdivided tract and the various owners who will presumably sooner or later be located thereon. It will also provide access *380 to Accurate's other large tracts beyond its subdivided land. Those other lands, though not presently subdivided, may be expected to become developed as the lands on either side of them undergo development. The only testimony in the case was that by John Matchett, an assistant district engineer in charge of location and design in the employ of the State, confirming that the road was constructed for public use and to provide access to the landlocked properties in the rear. Thus, it cannot be reasonably concluded here that the State merely took the property of one man for the private use of another. The roadway is open to the general public and is not limited to private use.
The number of present users of the road may not be great. However, its total effectiveness as a public road will be more fully realized when the several tracts fronting on it are developed, having been released from their landlocked condition, and this road segment joins that proceeding southerly from Tolomini Road.
We noted in Essex County v. Hindenlang, 35 N.J. Super. 479, 491 (App. Div. 1955), the tendency in our jurisdiction to extend a liberal view as to the meaning of a "public use." We said:
"Use by the government, or use by or for the public as such, provides the justification for the taking of property by condemnation, and not use by or for particular individuals. The number of people who will participate in or benefit by the use for which the property is to be condemned is not the determinant of whether the use is or is not a public one. Under either the narrow or liberal definition of `public use' it is not necessary, for a use to be public, that the entire community or any considerable portion of it should enjoy the use."
The State's only other alternative in the present case would have been to acquire title by purchase or condemnation to these large residual landlocked tracts, pursuant to the legislative permission granted by N.J.S.A. 27:7A-4.1. In condemnation proceedings the quantity of land to be taken is within the discretion of the public agency endowed by the Legislature with the right of eminent domain. Burnett v. *381 Abbott, 14 N.J. 291, 294 (1954). The State reasonably exercised that discretion herein by taking only the land needed for the freeway and then unlocking the resulting large landlocked areas by condemnation of land for this access road. This was a seemingly more economical solution of the problem and, at the same time, advanced the welfare of the landowners and municipality by converting the landlocked acreage into a potential for future development.
Both sides refer us to decisions by courts of other states covering analogous situations. The State cites Luke v. Massachusetts Turnpike Authority, 337 Mass. 304, 149 N.E.2d 225 (Sup. Jud. Ct. 1958); May v. Ohio Turnpike Commission, 172 Ohio St. 555, 178 N.E.2d 920 (Sup. Ct. 1962), and Tracey v. Preston, 172 Ohio St. 567, 178 N.E.2d 923 (Sup. Ct. 1962), all of which hold that the public agency has authority to provide an access roadway for tracts rendered landlocked by highway construction, even though the number of probable users is not large. Defendants cite Saso v. State of New York, 20 Misc.2d 826, 194 N.Y.S.2d 789 (Sup. Ct. 1959), in which a 50-foot strip of Saso's land was condemned in order to provide access to the adjoining land of DiRienzo, which had become landlocked by the right of way of the New York Thruway. Saso's complaint withstood a motion to strike, but the matter seems to have been settled thereafter without a determination on the merits.
We note those decisions, but with the caveat that the statutes involved therein may differ from our own. We are satisfied that in the case before us our statutory law and public policy warrant the action taken by the State in building this access road for use by the public, pursuant to which defendants' land was necessarily condemned.
The judgment is affirmed.