The Department of Public Works and Buildings of the State of Illinois, for and in Behalf of the People of the State of Illinois, Petitioner-Appellee, v. Ora W. Koch and Freda F. Koch, Defendants-Appellants.

Gen. No. 10,619.

Fourth District.

September 9, 1965.

182

Busch, Harrington & Porter, of Champaign, for appellants.

William G. Clark, Attorney General, of Chicago (Richard E. Quinn and Harold G. Andrews, Special Assistant Attorneys General, of counsel), Jo C. Williamson, Special Assistant Attorney General, of Champaign, for appellee.

SMITH, P. J.

The circuit court of Champaign County found that the Department of Public Works could exercise the right of eminent domain and properly exercised it in this instance for the purpose of acquiring land of the defendants over which to construct a 100-foot exten-

sion to an existing township road. The order so entered is challenged on the grounds that (a) there is no provision in the law for such taking and (b) its taking and the construction of the extension amounts to providing a private road to the Harris lands and thus is not for a public use.

Federal-aid Interstate Route 74 is in the process of construction northwest of Champaign and proceeds in a general northwesterly-southeasterly direction diagonally through the lands of Harris. The Koch land is immediately to the north of the Harris tract and of Route 74. Township Road 126 is a north-south road and is intersected diagonally by 74 and presently services both Harris and Koch. To provide a right-angle crossing of 126 with 74, the township road will be relocated so as to cross 74 approximately 800 feet west of its present location. The relocation will begin about 1500 feet north of the Koch property and return to the existing township road some 1500–2000 feet south of the Koch property. The existing township road will be dead-ended at either side of 74. An additional strip off the corner of the Koch land some 60 feet in width and about 100 feet long is needed to extend the township road to a portion of the Harris tract now north and east of 74 which would otherwise be isolated from its remainder lying south and west of 74. At this point the right of way of Federal-aid Interstate 74 increases from 120 to 180 feet across the corner of the Koch land.

■ It seems clear to us that the proposed relocation and extension is a public use. It enables the local township road network to afford the same service for local traffic that it provides now. The Harris tract was serviced by 126 prior to the relocation. It will be accorded the same service to all of its parts after the relocation. If it was functional as a public use before, it would seem that its same functional use

184

remains a public use. It is true that the proposed extension will service only that part of Harris's which would otherwise be isolated and would presently dead end in a cornfield. This may well diminish its use for the present as a public thoroughfare. This observation is not, however, controlling. It is the right in the public to use, not its exercise of the right, that constitutes a road a public highway. Department of Public Works and Buildings v. Farina, 29 Ill2d 474, 194 NE2d 209. The public had the right of access to all parts of the Harris tract prior to Federal-aid Interstate 74. The proposed construction preserves the same right.

■■ It is apparent that the Department has determined that the public need requires the proposed extension and relocation of 126. We cannot say that the preservation of the public use heretofore existing is an abuse of the power given the Department and in the absence of such abuse, we cannot properly interfere. Department of Public Works and Buildings v. Lewis, 411 Ill 242, 103 NE2d 595; Department of Public Works and Buildings v. McCaughey, 332 Ill 416, 163 NE 795.

■ The Department rests its authority on the Freeway Act, Ill Rev Stats 1963, c 121, § 8–101 through 109 and specifically on § 8–106 reading in part as follows:

"8–106. Elimination of highway crossings.] § 8–106. When as a result of an engineering and traffic study it is determined that it is necessary to traffic safety and convenience, the Department, or county board of any county may:

(a) Relocate the crossing or junction at grade of the freeway with any existing highway, road, street, alley or other public way or eliminate such crossing or junction at grade by carrying such

public way over or under the freeway or by connecting it to a local service drive and may relocate or alter any such intersecting public ways in such manner as is necessary thereof. The Department, or county board, shall have the right to acquire by purchase or condemnation, in the manner the Department or county board now is, or hereafter may be authorized by law, all property and property rights necessary for such relocations and grade separations . . . ."

Appellants contend that this section grants only the power to (a) carry an existing public way over or under the freeway or (b) to connect it to a local service drive and that the proposed extension does neither. We agree that the relocation of 126 does not relocate it by carrying it over or under the freeway or by connecting it to a local service drive. We cannot agree that the section limits the Department to the exercise of these two powers. There seems to us to be no equivocation or room for doubt in the words "relocate the crossing or junction *at grade* [emphasis supplied] of the freeway any existing highway, road, street, alley or other public way." Indeed this is exactly what the Department did in swinging 126 to the west and crossing Interstate 74 at grade. It seems to us that the section of the statute covers three situations rather than two and that the Department is given the authority in the section "to acquire by purchase or condemnation . . . all property and property rights necessary for such relocations and grade separations." The Department here did exactly what the statute contemplated where possible and feasible i. e., relocating the crossing of the township road "at grade of the freeway with any existing highway."

■■ Even so, say appellants, this may be done only as a result of an engineering and traffic study determining that it is necessary to traffic safety and con-

venience and the record is barren of any such determination. The right of way engineer and design engineer of the Department both testified that the acquisition of the Koch tract was necessary and, in substance, that it would provide the service previously existing and would not substantially affect the existing use of the township road by the public. We think this testimony, together with Exhibit 2 which is a booklet outlining the 1964 highway program, is sufficient to conclude that the statutory determination was made.

■ Appellants further assert that the power to "relocate or alter" does not include the power to acquire the property for and construct an extension to a township road. Actually, Interstate 74 right of way destroys about 120 feet or more of the old township road and will occupy it. What the Department is actually doing is replacing that portion by bending it to the left parallel with 74, replacing it and to do so must acquire the strip off the corner of the Koch land upon which to reconstruct it. It is not extending the township road to land not heretofore serviced. It is merely relocating it to render the same service that the old road rendered before. It is in a special sense only replacing what Interstate 74 has rendered functionless. It is restoring that function by relocating rather than extending an existing road. This, in our judgment, is a use contemplated by the Highway Code. This is, we believe, the proper exercise of the right of eminent domain.

Accordingly, the judgment of the trial court that the right of eminent domain was properly exercised as to the Koch land is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.