The Department of Public Works and Buildings of the State of Illinois, for and in Behalf of the People of the State of Illinois, Petitioner-Appellant, v. Harold D. Bozarth and Lyle Clark, Defendants-Appellees.

Gen. No. 11,025.

Fourth District.

November 18, 1968.

TRAPP, J., dissenting.

William G. Clark, Attorney General of State of Illinois, of Chicago and William F. Costigan, Special Assistant Attorney General, of Bloomington, for appellant.

Fleming, Messman & Lapan, of Bloomington (Roger D. Lapan, of counsel), for appellees.

CRAVEN, J., delivered the opinion of the court.

This is an action of eminent domain by the State in connection with Federal Aid Interstate Route No. 74 in McLean County. At a point approximately four to five miles southeast of Bloomington, the State seeks to acquire a permanent easement of a 30-foot strip across a farm tract of defendant Bozarth which would provide access to a 46.7-acre farm tract of Harris Trust and Savings Bank. The Harris tract is bordered on the north and east by that of Bozarth. The Interstate goes on a diagonal across the Harris tract northwesterly-southeasterly and cuts through the Harris tract. Prior to construction of the Interstate, the entire Harris tract had access onto Township Road 296, which after construction is no longer available to the parcel of the Harris tract north of the Interstate. Defendant Bozarth filed a traverse and motion to dismiss, contending that the property sought to be acquired was not being taken for a public use but only to aid another private landowner.

The circuit court dismissed the petition and suit as to the proposed easement-taking, holding it was not for a public use but to provide access to private property. This appeal followed.

100

Defendant Bozarth owns a tract of 148.62 acres of farmland and another of 49.75 acres. These tracts are contiguous to each other and to the parcel of land of Harris Trust and Savings Bank.

Interstate 74 is to be constructed in a northwesterly-southeasterly direction through McLean County and severs the Harris tract into two parcels, one of which will lie north of the Interstate, consisting of a triangular piece of 46.7 acres, bordered on the south and west by the Interstate onto which no access is permitted, and on the east and north by Bozarth's parcels, and the other south of the Interstate with 94.9 acres. The Harris tract of 46.7 acres north of the Interstate will lose its direct access to the Township Road.

This condemnation proposed is of a permanent easement 30 feet in width over land of Bozarth, comprising 0.667 acres, parallel to the right-of-way being acquired from Bozarth. It would provide access to the otherwise landlocked 46.7-acre tract of Harris. The strip would not be graveled or paved, but a culvert would be placed on the east side of the Township Road for an entrance which would be used for agricultural purposes.

The sole question is whether the State, in the construction of an interstate highway, which has been designated a freeway, can condemn interests in real property to provide access to otherwise landlocked parcels.

It is our opinion that it can. In Department of Public Works and Buildings ex rel. People v. Koch, 62 Ill App2d 182, 210 NE2d 236 (4th Dist 1965), a similar question of eminent domain-taking was before this court. There we held that a proposed relocation and extension of a township road was a public purpose, although the proposed extension would service only a part of a tract of land which otherwise would be isolated and would dead-end in a cornfield.

As we observed in the Koch case and as observed in the cases there cited, it is the right of the public to use, not its exercise of the right, that constitutes a public use.

Here, the purpose of acquiring the easement is to provide access to the 46.7-acre tract to the same Township Road that served this property prior to construction of the Interstate. The proposed easement will serve the property for the use of the public just as the public was served by the Township Road prior.

Under the Eminent Domain Statute, the State may acquire the fee or a lesser estate. The State here deems that an easement is sufficient for the use to be provided. We see nothing arbitrary in this position.

In 1965, the legislature amended chapter 121, section 8–105, of the statutes with reference to laying out local service drives in connection with the development of freeways so as to add the purpose of providing "access to any existing highway, road, street, alley or other public way from adjacent areas." This amendment covers the very type of project here involved. The acquisition of the easement here sought will provide access to Township Highway 296 from an otherwise landlocked area. The fact that it will benefit an individual landowner does not prevent the taking from being a public use under the circumstances here present with the authority granted by the amendment to the statute.

It is clear that the proceedings here by the Department are such as would be permitted under the Koch decision, and further the action is clearly and expressly authorized by the 1965 amendment. A contention that the action is undesirable or unwise is more properly directed to a legislative forum.

The Circuit Court of McLean County was in error in sustaining the traverse and the motion to dismiss, and that judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded with directions to proceed in accordance with this opinion.

SMITH, P. J., concurs.

TRAPP, J., dissents.

TRAPP, J., dissenting:
The opinion presented does not meet the constitutional requirements for the taking of property. The many cases which hold that the authority to take private property is strictly construed need not be cited.

It is accepted by the majority that the parcel taken will not be improved or maintained, or otherwise used by the State or any public body.

The amended statute relied upon to authorize the taking retains the modifying clause, ". . . is authorized, when traffic conditions justify, . . . ." Chapter 121, § 8–105, Ill Rev Stats 1967. Such provision is in accord with the criterion that public use means public usefulness, utility or benefit. Department of Public Works and Buildings v. Farina, 29 Ill2d 474, 194 NE2d 209. The test employed in the opinion, i. e., an hypothetical right of the public to use the parcel is readily distinguished. The evidence shows that the parcel will not be graded, surfaced, fenced or drained. It is indeed difficult to find any evidence of public usefulness or benefit.

The finding of the opinion that the parcel will not be improved or maintained by a public body is equivalent to a finding that no benefit will accrue to the public. Town of Kingston v. Anderson, 300 Ill 577, 133 NE 347; Sholl v. German Coal Co., 118 Ill 427 at 433, 10 NE 199.

Private property cannot be condemned for a purely private purpose, or for a private use which benefits the public only incidentally. Department of Public Works and Buildings v. Farina, 29 Ill2d 474, 194 NE2d 209. This case is distinguishable from the use of a service

■

road as in Farina. Such is also true of Department of Public Works and Buildings v. Koch, 62 Ill App2d 182, 210 NE2d 236, which concerned the relocation and maintenance of a township road.

Petitioner's witness testified that the purpose was limited to providing access to an isolated parcel of real estate, rather than to a public use.