STATE DEPARTMENT OF TRANSPORTATION
You have requested my opinion on the following question:
"Within the powers granted by the Constitution and the Statutes of Wisconsin, does the State Highway Commission have the authority to condemn or otherwise acquire the lands of one person for the sole reason of providing access (across the said lands) from the lands of a second person to the State Trunk Highway System, where the lands of the said second person would otherwise be landlocked?"
We find no Wisconsin case law directly in point. However, case law in other states overwhelmingly supports an affirmative answer to your question.
 Dep't. of Public Works B'ldg's. v. Bozarth (1968), 101 Ill. App.2d 99, 242 N.E.2d 54.
 Andrews v. State (1967), 248 Ind. 525, 229 N.E.2d 806.
 Sturgill v. Commonwealth, Dep't. of Highways (1964), Ky., 384 S.W.2d 89.
 Luke v. Massachusetts Turnpike Authority (1958), 337 Mass. 304, 149 N.E.2d 225. *Page 37 
 Mississippi State Highway Comm. v. Morgan (1965), 253 Miss. 398, 175 So.2d 606.
 State v. Davis (1965), 87 N.J. Super. 377, 209 A.2d 633.
 State Highway Com'r. v. Totowa Lumber Supply Co. (1967), 96 N.J. Super. 115, 232 A.2d 655.
 May v. Ohio Turnpike Comm (1962), 172 Ohio St. 555, 178 N.E.2d 920; Tracey v. Preston (1960), 114 Ohio App. 206, 181 N.E.2d 479.
The above cases hold that the acquisition of right of way from one property owner for the purpose of providing access to other landowners incidentally deprived of public access by reason of the construction of a turnpike, freeway or other limited access highways is for a public purpose and therefore constitutional.
In Andrews v. State, supra, the Indiana Supreme Court held:
"In truth and in fact, we must conclude that a service road would alleviate a land-locked condition of the Baldwin property and would certainly have the effect of reducing the amount of damages payable to the Baldwins. If the State of Indiana is not in a position to minimize the damages paid to land owners, then the cost of Interstate Highways would soar astronomically and Indiana would be dotted abnormally with land-locked real estate. We believe that in planning and providing for condemnation of service roads, under Burns', sec. 36-2949, supra, the Legislature properly intended such service roads would constitute a public use whether such road served one property owner or many. We so hold."
The Kentucky Supreme Court, in Sturgill v. Commonwealth,Department of Highways, supra, expressed the law of the land on the issue with persuasive reasoning supporting its holding:
"The proposed access road is part of a comprehensive and complex highway construction plan clearly designed for public accommodation. K.R.S. 177.250 authorizes condemnation for access roads as incident to such a plan. Problems of necessity, proper design, best utilization of adjoining properties, convenience to the public, saving of expense, and promotion of traffic safety are matters which must be left to the discretion of the highway *Page 38 
authorities. See K.R.S. 177.240; and Luke v. Massachusetts Turnpike Authority, 337 Mass. 304, 149 N.E.2d 225. K.R.S. 177.081 provides in substance that specific details of the plan cannot be called in question, from the standpoint of necessity or public use, except upon a showing of fraud, bad faith or abuse of discretion. No such showing was made in this proceeding.
"Essentially appellants' position seems to be that public use presupposes a predominating public need, and where the private advantage substantially outweighs the public benefit it cannot be said a particular taking is for a public use. Appellants emphasize the fact that this road was basically designed to provide access to and from the premises of Stilz, and principally inures to his private benefit. But this is only part of the picture. Even if we examine the road in isolation, apart from the overall plan, appellants' argument does not take into account the dual aspect of public user.
"Any public way naturally confers a special benefit on those persons whose property adjoins it. All roads terminate somewhere. Dead end streets or highways inevitably and particularly subserve the private interests of the last property owner on the line. Yet the public has an interest in reaching other members thereof. As a practical matter, the right of condemnation for highway purposes could not be made to depend upon the predominance of the public interest over private benefit. This is too fine a line even for legal draftsmanship. If this consideration were a determining factor, the condemnor would endlessly be forced to `battle in every county courthouse.' See Commonwealth Dept. of Highways v. Burchett, Ky., 367 S.W.2d 262, 266. The accepted test is whether the roadway is under the control of public authorities and is open to public use, without regard to private interests or advantage.
* * *
"Applying this test, the Commonwealth had the right to condemn appellants' property to construct the access road in question.
* * * *Page 39 
"Our conclusion is based upon long recognized precepts which allow the government broad latitude in the development of public highways. There utility is not for the courts to determine. That one member of the public specially benefits thereby does not impugn their public character if they are built for and open to public use. We find nothing illegal or unconstitutional in this taking and the circuit court properly denied injunctive relief."
The legislature has granted to the Highway Commission broad power to acquire property for highway purposes. Section 84.09
(1), Stats., provides, in part:
"Acquisition of lands and interests therein. (1) The highway commission may acquire by gift, devise, purchase or condemnation any lands for establishing, laying out, widening, enlarging, extending, constructing, reconstructing, improving and maintaining highways, streets, roadwide parks and weighing stations which it is empowered to improve or maintain, or interests in lands in and about and along and leading to any or all of the same; . . ."
The courts will not disturb a determination made by the Highway Commission of lands necessary for highway purposes in the absence of a showing of fraud, bad faith or gross abuse of discretion. See Brausen v. Daley (1960). 11 Wis.2d 160, 105 N.W.2d 249;Berman v. Parker (1954), 348 U.S. 26, 75 S.Ct. 98, 99 L.ed. 27.
It is well established in Wisconsin that access to the system of public roads from a parcel of real estate is of concern to the state. Sections 80.13 and 80.14, Stats., provide that, if an owner of a parcel of real estate is landlocked, the landowner may force the public to condemn an easement of access over adjacent properties. To contend that the State Highway Commission has less authority to provide access than a private landowner does seem untenable.
I, therefore, conclude that your question must be answered in the affirmative.
RWW:WHW *Page 40