THE STATE OF WASHINGTON, *Respondent*, v. BELMONT
IMPROVEMENT COMPANY *et al., Respondents*, JOSEPH E.
MALINOWSKI *et al., Petitioners.*

*Charles E. Watts* (of *Moriarty, Long, Mikkelborg &
Broz*), for petitioners.

*Slade Gorton, Attorney General, Thomas R. Garlington*
and *John T. Hurley, Assistants*, for respondents.

HALE, J.—Petitioners Joseph and Margie Malinowski,
husband and wife, by certiorari (RCW 8.04.070) challenge
an order of public use and necessity in eminent domain
authorizing the state to take a strip of their property and
utilize it for a public road so as to provide access to other

property rendered virtually landlocked by a limited access highway project.

The state is constructing a limited access highway, SR 104, as authorized by RCW 47.52.020, in Snohomish County, and in the area near the Malinowskis' property, parcel 1-7675, it will absorb and widen what is known as Edmonds Way (see Figure A). SR 104 will also cut off and bring to a dead end Kulshan Road upon which the Malinowskis' property fronts. RCW 47.52.100. Parcel 1-7677, owned by the Nevills, who are not parties to this suit, once fronted on

FIGURE A[1]

---

[1]This illustration was prepared at the request of the court for illustrative purposes; while it is proportional, it is not necessarily to scale, and it did not constitute an exhibit at trial.

and had access to Edmonds Way but now will lose that access with construction of the new, wider, limited access highway. RCW 47.52.050. Although the Nevill property, parcel 1-7677, will still abut Kulshan Road for some 50 or 60 feet at the back near its northwest corner, that parcel has become virtually landlocked because of a difference in elevation between it and Kulshan Road.

As a part of the SR 104 project, the state will take two pieces from the Malinowski property; on one it will construct a circular cul-de-sac on Kulshan Road, and with the other, an elongated half-moon shaped piece, it will widen and curve Kulshan Road to the boundary of 1-7677 near the right-of-way line of SR 104, giving parcel 1-7677 (Nevill property) access to the newly altered Kulshan Road. The Malinowskis do not challenge the taking of their property which goes into the Kulshan Road cul-de-sac. They do, however, challenge the finding of the public use and necessity which enables the state to take from their parcel, 1-7675, the segment which will be used in widening and curving Kulshan Road beyond the cul-de-sac near its dead end and which will provide practical access to the Nevill property, parcel 1-7677.

In a strict legal sense, 1-7677 (Nevill) will not be landlocked, but because of a difference in elevation due to the natural terrain features, that property, while still touching will be some 15 feet higher than the existing Kulshan Road. Unless Kulshan Road is altered, the parcel, 1-7677 (Nevill), for all practical purpose, will, because of the construction of SR 104, be left virtually inaccessible by vehicle and thus become practically, if not legally, landlocked.

The strip of Malinowski property to be taken from 1-7675 and utilized in the changes to Kulshan Road so as to bring it to grade 1-7677, will be included in and remain in the public domain and become a part of an existing public street open at all times to public use.

Highway department figures indicate 1-7675 to be about 2¼ acres and, according to the maps, it appears that the changes and extension to Kulshan Road will not exceed

1,500 square feet. The changed Kulshan public road will terminate at the southwest corner of 1-7677 within 25 feet from SR 104 property. As stated, no part of the taken property will become privately owned or controlled.

In summary, petitioners by certiorari seek a review and reversal of the trial court's findings and conclusions that:

1. Their property, taken to widen and curve Kulshan Road is a part of the route of SR 104.

2. That the property to be taken and included in Kulshan Road is necessary for a public use and in the construction, maintenance and operation of SR 104, and, therefore,

3. That the Malinowski strip of property to be included in the altered Kulshan Road is an integral part of the highway system of the state and is, as the court found, "really and necessarily a public use of the State of Washington."

Both the Malinowskis and the state imply that the challenged Malinowski property is being taken pursuant to RCW 47.52.105, which purports to allow a taking for the purpose of providing access to property which has been cut off by a limited access highway.[2] The Malinowskis, however, challenge both the constitutionality and the applicability of that statute, and the state conversely contends for both its constitutionality and applicability. We do not be-

---

[2] RCW 47.52.105 states: "Whenever, in the opinion of the Washington state highway commission, frontage or service roads in connection with limited access facilities, are not feasible either from an engineering or economic standpoint, the highway commission may acquire private or public property by purchase or condemnation and construct any road, street or highway thereon connecting to or leading into any other road, street or highway, when by so doing, it will preserve a limited access facility or reduce compensation required to be paid to an owner by reason of reduction in or loss of access. The commission shall provide by agreement with a majority of the board of county commissioners or city governing body of the county or city concerned as to location, future maintenance and control of any road, street or highway to be so constructed. Such road, street or highway need not be made a part of said state highway system or connected thereto, but may upon completion by the state be turned over to the county or city, as the case may be, for location, maintenance and control pursuant to the agreement as part of said system of such county roads or city streets."

lieve a resolution of either contention is essential to a solution of this case, for we think the taking here is an integral part of the construction of SR 104, a project which, in our judgment, includes the building of the cul-de-sac and the blocking off and extension of Kulshan Road as a part of the road and street network immediately adjacent or so close to the SR 104 right-of-way as to be a part of it.

Accordingly, in our opinion, neither the applicability nor constitutionality of RCW 47.52.105 is at issue here despite the testimonial opinion expressed by one of the state's engineers on the witness stand that curving and extending Kulshan Road to the edge of 1-7677 (Nevill property) would reduce the damages to that parcel produced by cutting off its former access to Edmonds Way. Thus, we need not decide whether the taking of petitioners' property is done for the purpose of reducing the compensation to be paid for parcel 1-7677 (Nevill)—even though it will tend to have that effect. As we see it, the question is whether the changes to Kulshan Road, standing alone and without reference to 1-7677, will be for a public use and reasonably necessary when considered in connection with the construction of limited access highway SR 104.

Kulshan Road, as noted, is to be improved in two ways: First, a cul-de-sac will be constructed in part on property taken from the Malinowskis—to which they do not object —for a convenient traffic turnaround. Then, utilizing that part of the Malinowski property to which objection is made, Kulshan Road beyond the cul-de-sac will be extended, widened and curved so as to dead end at 1-7677 (Nevill property) an extension which, as we understand the map, will not exceed 175 feet. Kulshan Road will not enter SR 104, and its former connection to Edmonds Way will be blocked off.

The changes and extension, including those for which the Malinowski property will be utilized, being in close proximity to and constructed directly because of SR 104, should, for legal purposes, be deemed an integral and necessary part of the SR 104 project. There thus appear to

exist, with respect to the improvements, alterations and the short extension of Kulshan Road, the three interrelated conditions upon which the finding of public use depends: (1) that the proposed use is really a public use; (2) that the public interests require it; and (3) that the property appropriated is reasonably necessary for the proposed public purpose. *State v. Dawes,* 66 Wn.2d 578, 404 P.2d 20 (1965).

■■ There is in law a strong presumption that a public highway, available for the use of all who come upon it, is, by its very nature, a public use of land. *State ex rel. Thomas v. Superior Court,* 42 Wash. 521, 85 P. 256 (1906); *State ex rel. Pagett v. Superior Court,* 47 Wash. 11, 91 P. 241 (1907); *State ex rel. Flick v. Superior Court,* 144 Wash. 124, 257 P. 231 (1927); *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 76 P.2d 990 (1938); *State ex rel. Sternoff v. Superior Court,* 52 Wn.2d 282, 325 P.2d 300 (1958). Kulshan Road, now and as it will be when changed and curved partly through the utilization of the Malinowski property, is and will remain a highway or street available for the use of all who may elect to go upon it. No part of the condemned and acquired property nor any part of Kulshan Road will become a private roadway or driveway. That the occupants of 1-7677 will probably use the extension of Kulshan Road more than others, does not alter its public character, for the public character of a road does not depend necessarily upon the degree to which the general public is likely to use it or the amount of traffic that the general public will probably put upon it. 2A Nichols, Eminent Domain § 7.512 (3d ed. 1970); 29A C.J.S. *Eminent Domain* § 31 (1965); 26 Am. Jur. 2d *Eminent Domain* §§ 45, 46 (1966). If a road or highway under public ownership or control is a part of a street or highway complex and reasonably necessary for the control or movement of traffic, the fact that some of the public will use it more than others does not deprive it of its public character.

Because of its close proximity to and the traffic needs met by it, the changes, short extension of and added curve to Kulshan Road should, we think, be judicially regarded

as a public use and necessity and as an integral part of the SR 104 project. Other courts would, we think, agree with this proposition. In *Sturgill v. Department of Highways,* 384 S.W.2d 89 (Ky. 1964), where the state sought to condemn private property for the purpose of providing access to private property which had been cut off by a nonaccess highway, the court said:

> The proposed access road is part of a comprehensive and complex highway construction plan clearly designed for public accommodation. . . .
>
> . . .
>
> Any public way naturally confers a special benefit on those persons whose property adjoins it. All roads terminate somewhere. Dead end streets or highways inevitably and particularly subserve the private interests of the last property owner on the line. Yet the public has an interest in reaching other members thereof.

*Accord: Department of Pub. Works & Bldgs. v. Bozarth,* 101 Ill. App. 2d 99, 242 N.E.2d 54 (1968); *State v. Totowa Lumber & Supply Co.,* 96 N.J. Super. 115, 232 A.2d 655 (1967); *Department of Pub. Works & Bldgs. v. Koch,* 62 Ill. App. 2d 182, 210 N.E.2d 236 (1965); *People ex rel. Department of Pub. Works v. Chevalier,* 52 Cal. 2d 299, 340 P.2d 598 (1959).

The record of the hearing held in the instant case to determine public use and necessity thus establishes that the changes to and curving of Kulshan Road were an integral part of SR 104 limited access highway project; Kulshan Road was and as changed would remain a part of the public domain open at all times to public use; the parcel of Malinowski property taken in eminent domain will be included in a public road for the use of the public; and the property utilized in effecting the changes to and curving of Kulshan Road is a taking reasonably necessary for the construction, development and maintenance of limited access highway SR 104.

The order of public use and necessity is, therefore, affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, and WRIGHT, JJ., concur.

Petition for rehearing denied May 16, 1972.